## 9884

### DANTZLER *ET AL.* v. RILEY *ET AL.*

### (95 S. E. 132.)

1. Deeds — Operative Words — Construction —"Assigned."—Where one seized and possessed of six separate tracts of land executed a written instrument whereby, in consideration of love and affection, he divided and assigned a tract to each of his six children, and bound his executors and administrators to warrant and defend the premises unto his children, their heirs and assigns, against himself and those claiming under him, the word "assigned," was used in the sense of dividing and pointing out, and there was no conveyance of the land, and on his death intestate, though he had remained in possession until his death, the fee descended to his children as his heirs at law.

2. Partition—Parol Partition—Lapse of Time—Annulment.—In such case, the adoption of the division already made and the entering into possession was a parol partition, as effective as if they had had a survey made after their father's death, and where they accepted the division, and went into possession of their separate tracts, and used them for 40 years, it was too late to annul the division.

3. Wills—"Bequeath"—"Devise."—The word "bequeath" is used in wills to give personal property, and the word "devise" to dispose of land.

Before Sease, J., Orangeburg, Spring term 1917. Affirmed.

Action by Amarintha E. Dantzler and others against Mary Rebecca Riley and others. From a judgment dismissing the complaint, plaintiffs except.

*Messrs. R. E. Copes* and *W. B. Martin,* for appellants, cite: *As to construction of deed of J. Michael Dantzler to his children:* 37 Fla. 457; 42 S. C. 65; 2 Black Com. 317; 63 Am. Dec. 440; 2 Ed. A. & E. Enc. L., vol. IX 138; 77 S. C. 172; 3 Washb. Real Prop. 378; 1 Ed. A. & E. Enc. L., vol. V, p. 438; 5 Rich. 198; 83 S. C. 333; 98 S. C. 234; 102 S. C. 368; 29 Pa. 314; 26 S. C. 160; 77 S. C. 172; 101 S. C. 424; 38 S. C. 299; 101 S. C. 428; 10 S. C. 367. *As to what estate descended to children of J. Michael Dantzler*

*upon his death:* 1 Hill Ch. 289; 4 Rich. Eq. 413; 32 S. C. 77; 85 S. C. 477; 74 S. C. 42. *There was no partition of lands in question:* 29 S. C. 369; 32 S. C. 77; 68 S. C. 482; Albert on Partition 32, *et seq.;* Litt. R. 300; Browne and Had. Com. 71; 19 Wend. 367; 9 Cow. 530; 2 Barb. Ch. R. 398; 46 N. Y. 184; 59 N. Y. 528; 29 S. C. 369; 2 Kan. 519; 2 Blk. Com. 116; 12 Pick. (Mass.) 374; 84 S. C. 430; Code of 1912, vol. I, sec. 3498; 43 S. C. 29. *Objections to testimony not made at time testimony is offered come too late:* 46 S. C. 499.

*Messrs. Raysor & Summers, Wolfe & Berry, Brantley & Zeigler,* for respondents, cite: *As to proper construction of deed of J. Michael Dantzler:* Robinson's Elem. Law, sec. 96, also page 108, note; 21 A. & E. Ency. L. (2d ed.) 421; 24 A. & E. Ency. L. (2d ed.) 423, and notes; 16 S. C. 330; 74 S. C. 42; 99 Am. St. Rep. 145, also note, p. 153. *As to partition:* Code of Law, vol. I, sec. 3522; 3 Brev. 97; 26 S. C. 251; 32 S. C. 160; 80 S. C. 466; 30 Cyc. 160; 21 A. & E. Encyc. L. (2d ed.) 1137-9; 33 S. C. 409; 30 Cyc. 163; 33 S. C. 407, *et seq.;* 35 S. C. 84; 15 S. C. 337; 39 S. C. 450; 43 S. C. 38; 45 S. C. 69; 73 S. C. 35; 81 S. C. 270; 35 S. C. 85; 33 S. C. 408; 39 S. E. 135; 26 S. C. 167. *The deed of J. Michael Dantzler to his six children may be sustained as a deed with a covenant to stand seized to the uses:* 43 Cyc. 523; 39 Cyc. 96, 76; 35 S. C. 314; 51 S. C. 355; 30 S. C. L. 170; 30 S. C. L. 161; 24 S. C. 228; 30 S. C. L. 173; 30 Cyc. 66; 101 S. C. 424; 104 S. C. 361; Holmes' Common Law 214. *As to objections to testimony:* 34 Cyc. 822; 13 Cyc. 1018; 9 Rich. L. 271; 25 S. C. 26; 29 S. C. 78.

January 26, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellants, in part, state their case as follows:

"On January 1, 1868, J. Michael Dantzler, being seized

and possessed of six separate tracts of land, situate in Orangeburg county, then district, executed and delivered to his six children, Frances V. Dantzler, George M. Dantzler, Amarintha E. Dantzler, Allen P. Dantzler, Jane L. Dantzler and Daniel E. Dantzler, the deed which is set out in full in the decree, and which was duly recorded. Under this deed each of the said six children went into possession of the particular tract of said land thereby conveyed to him or her. In the year 1872, the said Michael Dantzler died, intestate, without having disposed of his reversionary estate in each of said six tracts of land, and leaving him surviving as his only heirs at law, his wife having predeceased him, his six children, the said Frances V. Dantzler, George M. Dantzler, Amarintha E. Dantzler, Allen P. Dantzler, Jane L. Dantzler and Daniel E. Dantzler."

In argument appellant claims that J. Michael Dantzler "was in possession of all of these lands on January 1, 1868, and stayed in possession until he died; he farmed them and had his boys there working under him." This position simplifies matters very much.

There are 74 exceptions, but the appellant reduces them in the last paragraph very much. They may be further reduced to one question—*i. e.,* What estate did the children of J. Michael Dantzler take in the lands in question?

The instrument up for construction is:

"J. Michael Dantzler to Frances V. Dantzler *et al.* Sate of South Carolina, Orangeburg District. Know all men by these presents, that I, J. Michael Dantzler, of the State and district aforesaid, for the love and affection I have for my beloved children, viz.: Frances V. Dantzler, George M. Dantzler, Amarintha E. Dantzler, Allen P. Dantzler, Jane L. Dantzler and Daniel E. Dantzler, I have divided and assigned to each a portion of my real estate, as a gift first to my daughter, Frances V. Dantzler, I * * * and bequeath tract No. 6, containing ninety-six acres, more or less; to my son, George M. Dantzler, tract No. 1, containing one hundred

.acres, more or less; to my daughter, Amarintha E. Dantzler, tract No. 5, containing one hundred and three acres, more or less; to my son, Allen P. Dantzler, tract No. 2, containing one hundred acres, more or less; to my daughter, Jane L. Dantzler, tract No. 4, containing one hundred acres, more or less; and lastly, to my son, Daniel E. Dantzler, tract No. 3, containing one hundred acres, more or less, the whole having such shapes, buttings and boundings as a resurvey plat made by M. L. Baldwin (D. S.) on the 15th February, 1867, will more fully represent. I do further bind myself, my executors and administrators, to warrant and forever defend all and singular, the said premises unto my beloved children, their heirs and assigns, against myself and against the lawful claim and demand of any person or persons lawfully claiming or to claim the same or any part thereof.

"In witness whereof, I have hereunto set my hand and seal this 1st day of January, one thousand eight hundred and sixty-eight, and the ninety-second year of the American independence. J. Michael Dantzler. (L. S.)."

There are two ways to construe an instrument; one is by a strict, and the other a liberal, construction. These two should never be combined. The appellant calls for a strict construction, and claims that, inasmuch as there are no words of inheritance, the children of J. Michael Dantzler shall be held to a life estate, and that they could convey no higher estate.

It will be observed that the paper contains no apt word to convey any interest in land. Strictly "bequeath" is used in wills to give personal property and "devise" as to land. "Assign" has several meanings. It may mean to transfer a right. In this sense it is usually used in the transfer of an interest in personal property. It may mean to "point out." We say that a Circuit Judge is assigned to a certain Circuit. The word "assigned" is manifestly used in the second sense here. He says: I have divided my land and pointed out the tract each child is to take. There is no conveyance of any

estate in the land.    Immediately on Mr. Dantzler's death, intestate, the fee descended to his children as his heirs at law.    If it be true, as appellant claims, that Mr. Dantzler kept possession until his death, then when they took possession each, of his designated tract, they took a fee.    The adoption of the division already made and entering into possession was a parol partition, and as effective as if they had themselves had the survey made after his death.    The children accepted the division, went into possession, and used the separate tracts as their own for many years, and it is too late now, after the lapse of 40 years, to annul that partition.

The exceptions are overruled, and the judgment affirmed.